**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Juan Carlos Baez,
    Petitioner,

vs.                              Case No. 1:07cv821
                                      (Dlott, J.; Black, M.J.)

Hamilton County, Ohio,
    Respondent.

**REPORT AND RECOMMENDATION**

Petitioner, who is represented by counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the Court on the petition (Doc. 1); respondent's return of writ (Doc. 6); and petitioner's response to the return of writ (Doc. 7).

## Background

On September 11, 2007, petitioner was convicted in the Hamilton County, Ohio, Municipal Court of driving under suspension. (Doc. 1, Ex. 1). He served a jail term based on this conviction, which ended on September 28, 2007. (*Id.*). Petitioner remained in the custody of the Hamilton County Sheriff at the completion of his sentence on an Immigration Detainer. Apparently, petitioner was released from the Hamilton County Jail to the custody of "Immigration Authorities" sometime in the afternoon of October 2, 2007. (*See* Doc. 6, p. 2).

The instant petition was filed on October 2, 2007 at 12:38 p.m., before petitioner's release to "Immigration Authorities" later that same afternoon. In the petition, petitioner's counsel states that "[a]s of 12:00 noon on October 2, 2007, [petitioner] has not been released from the Hamilton County Jail due to an

Immigration Detainer, yet his state sentence was completed more than 48 hours prior." (Doc. 1, p. 1). Counsel requested petitioner's immediate "release from the custody of Hamilton County, Ohio," because "[p]ursuant to 8 CFR § 287.7, a state detention center m[a]y not detain an alien for a period exceeding 48 hours (excluding Saturdays, Sundays and Federal Holidays) based solely on an Immigration Detainer, when the inmate's state sentence has been completed." (*Id.*).

In the return of writ filed November 15, 2007, respondent contends that petitioner is not entitled to relief because he is "no longer being detained by Hamilton County," and "was released . . . just hours or minutes after his filing of the petition for writ of habeas corpus." (Doc. 6, p. 3). In response, petitioner argues that his case is not moot, because the claim he has raised "is capable of repetition yet it evades review." (Doc. 7, p. 2).

## OPINION

### The Petition Should Be Dismissed As Moot

As an initial matter, the undersigned recognizes that because petitioner was incarcerated at the Hamilton County Justice Center when the instant action commenced, petitioner has satisfied the "in custody" requirement for federal habeas jurisdiction. *See Mulato-Gonzalez v. Sheriff, Wood County, et al.,* Civil Action No. 6:06cv365, 2007 WL 858759, at *4 (E.D. Tex. Mar. 15, 2007) (unpublished) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)). However, the inquiry does not end here.

Under Article III, § 2, of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Brock v. United States Dep't of Justice,* No. 07-5022, 2007 WL 4163854, at *2 (6th Cir. Nov. 21, 2007) (unpublished) (citing *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer,* 523 U.S. at 7. In other words, to sustain jurisdiction in a case, the party seeking relief must continue to suffer an "actual injury" that is capable of being "redressed by a favorable judicial decision." *Id.*; *see also Brock, supra,* 2007 WL 4163854, at *2.

In *Spencer,* 523 U.S. at 7, the Supreme Court explained:

> An incarcerated convict (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole–some "collateral consequence" of the conviction–must exist if the suit is to be maintained.

Collateral consequences are presumed when the petitioner challenges his criminal conviction. *Id.* at 8 (citing *Sibron v. New York,* 392 U.S. 40, 55-56 (1968)). The Supreme Court adopted this presumption in *Pollard v. United States,* 352 U.S. 354 (1957), when it acknowledged "the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." *See Sibron,* 392 U.S. at 55; *see also Spencer,* 523 U.S. at 9-12.[1] The presumption has

---

[1] Specifically, in recognizing the presumption of collateral consequences in this context, the Court in *Sibron* pointed out that in a prior case, *Fiswick v. United States,* 329 U.S. 211 (1946), it had held "that a criminal case had not become moot upon release of the prisoner" because "the convict, an alien, might be subject to deportation for having committed a crime of 'moral turpitude'–even though it had never been held (and the Court refused to hold) that the crime of which he was convicted fell into that category." *Sibron,* 392 U.S. at 54. The Court has identified additional civil disabilities likely to result from a criminal conviction, including the loss of the right to vote, to hold office, to serve on a jury, or to engage in ceratin businesses. *Spencer,* 523 U.S. at 8-9 (citing *St. Pierre v. United States,* 319 U.S. 41 (1943) (*per curiam*), and *Carafas v. LaVallee,* 391 U.S. 234, 237 (1968)). Moreover, the Court has recognized that a conviction may result in the imposition of heavier penalties for a subsequent conviction and could be used to impeach the person's testimony in a future proceeding. *Id.* at 10 (and cases cited therein); *see also Sibron,* 392 U.S. at 55-56.
   However, in *Spencer*, 523 U.S. at 10-12, the Court expressed some concerns in dicta about "the practice of presuming collateral consequences" from a criminal conviction. The Court pointed out that the practice "developed during an era," which has since changed, "in which it was thought that the only function of the constitutional requirement of standing was 'to assure that concrete adverseness which sharpens the presentation of issues.'" *Id.* at 11-12 (and cases quoted and cited therein). The Court further observed that the practice "sits uncomfortably beside the 'long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record,' and that 'it is the burden of the "party" who seeks the exercise of jurisdiction in his favor,' 'clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" *Id.* at 10-11 (quoting *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990)).

not been extended beyond the criminal conviction context, for example, to cases involving challenges to parole revocations or sentencing matters. *Spencer,* 523 U.S. at 12-14; *Lane v. Williams,* 455 U.S. 624, 631-33 (1982).

Another exception to the mootness doctrine exists for cases that are "capable of repetition, yet evading review." *Spencer,* 523 U.S. at 17; *Lane,* 455 U.S. at 633. However, this exception applies only in "exceptional situations" where in the absence of a class action, the following two factors are "simultaneously present:" (1) the challenged action was too short in duration to be fully litigated before its expiration; and (2) a "reasonable expectation" exists "that the *same complaining party* [will] be subject to the same action again." *Spencer,* 523 U.S. at 17 (emphasis added); *see also Murphy v. Hunt,* 455 U.S. 478, 482 (1982) (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975) (*per curiam*)); *Brock, supra,* 2007 WL 4163854, at *2 n.3.

Here, petitioner had completed his state criminal sentence by the time the petition was filed. Petitioner does not seek to challenge his state conviction or sentence; nor does the Court have jurisdiction to consider any such claim given that petitioner's state sentence had fully expired before he commenced the instant action. *Cf. Mulato-Gonzalez, supra,* 2007 WL 858759, at *4 (in an analogous case, where the petitioner alleged he should be released from state custody on an immigration detainer because more than 48 hours had passed after the completion of his state sentence, the district court held that the petitioner could not challenge the legality of his state criminal detention because the state sentence had expired before the petition was filed).

Therefore, the presumption of collateral consequences, which is limited to cases involving challenges to a criminal conviction, does not apply. In this case, petitioner merely challenges his continued detention by Hamilton County officials on an immigration detainer beyond the 48-hour limit set forth in 8 C.F.R. § 287.7(d). The undersigned finds that no collateral consequences resulted from this detention, which lasted at most only a few hours longer than allowed under the federal regulation.

Petitioner contends that the "capable of repetition, yet evading review" exception to the mootness doctrine applies to his petition. However, even assuming, as petitioner has argued, that the Hamilton County Sheriff's challenged action of detaining petitioner beyond the 48-hour federal regulatory limit was too short in

duration to be fully litigated before petitioner was released from state custody, it cannot be reasonably expected that petitioner will be subjected to the same action again. Therefore, the undersigned finds that, contrary to petitioner's contention, the instant case does not fall within the class of "exceptional" cases that are capable of repetition yet evade review.

Finally, the only relief requested by petitioner in this case is "his release from the custody of Hamilton County, Ohio." (*See* Doc. 1). "Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Berger v. Cuyahoga County Bar Ass'n,* 983 F.2d 718, 724 (6th Cir.), *cert. denied,* 508 U.S. 940 (1993) (citing *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986)); *see also Brock, supra,* 2007 WL 4163854, at *2. Because petitioner no longer is in the custody of Hamilton County, and in fact was released from the challenged confinement soon after he filed the instant action, "no actual injury remains which the Court could redress with a favorable decision" in this case. *Brock, supra,* 2007 WL 4163854, at *2 (and cases cited therein).

Accordingly, in sum, the undersigned concludes that the petition no longer presents a case or controversy within the meaning of Article III, § 2, of the Constitution. The petition should be dismissed as moot. The dismissal should be without prejudice to extent petitioner may seek to challenge his continued custody by federal immigration authorities in another action filed in the appropriate district with jurisdiction over such cases.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot. The dismissal should be without prejudice to the extent petitioner may file an action challenging his current detention by federal immigration authorities in the appropriate district with jurisdiction over such matters.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to this case involving a recommended dismissal of the petition on jurisdictional mootness grounds. *See Lovett v. Carroll,* No. Civ. A. 01-782-JJF, 2002 WL 1461730, at *2 (D. Del. June 27, 2002) (unpublished); *cf. Gille v. Booher,* 229 F.3d 1163 (table), No. 00-6106, 2000 WL 1174612 (10th Cir. Aug. 18, 2000) (unpublished) (denying certificate

of appealability because the petition was moot). "Jurists of reason" would not find it debatable whether this Court is correct in its ruling on jurisdictional mootness grounds.[2]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).


Date:  12/10/07                           s/Timothy S. Black
       cbc                               Timothy S. Black
                                         United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\07-821denypet.moot-INSdetainer.wpd

---

[2] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable claim for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Juan Carlos Baez,
    Petitioner

    vs                                Case No. 1:07cv821
                                       (Dlott, J.; Black, M.J.)

Hamilton County, Ohio,
    Respondent

## NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).